# United States District Court
# District of Montana
# Helena Division

**JAN 09 2017**

Clerk, U.S. Courts
District of Montane
Helena Division

Case No.

FREEMAN WILLIAM STANTON,

PETITIONER,

-vs-

LEROY KIRKEGARD, WARDEN
OF MONTANA STATE PRISON

RESPONDENT.

## PETITION FOR WRIT OF HABEAS CORPUS

TIM FOX
ATTORNEY GENERAL'S OFFICE
215 N. SANDERS
P.O. BOX 201401
HELENA, MT 59620-1401

MONTANA SUPREME COURT
CLERK OF THE COURT
215 N. SANDERS, 3RD FLOOR
P.O. BOX 203003
HELANA, MT 59620-3003

DIANA KOCH/CHIEF COUNSEL
DEPARTMENT OF CORRECTIONS
1539 11TH AVENUE
P.O. BOX 201301
HELENA, MT 59620-1301

## JURISDICTION

Pursuant to 28 U.S.C. §2241, this Court has jurisdiction to entertain a State prisoner's Habeas Corpus Petition under 28 U.S.C. §2254 for a Writ Of Habeas Corpus⨅

## STANDARD

The purpose of the Writ Of Habeas Corpus is "to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint".

## ISSUES PRESENTED FOR REVIEW

1⨅ WHETHER OR NOT THE PETITIONER IS ENTITLED TO RELIEF SINCE THE DISCOVERY OF "NEWLY DISCOVERED EVIDENCE" REGARDING THE PETI- TIONERS PHYSICAL AND MENTAL IMPAIRMENTS WERE NOT KNOWN TO THE STATE OR THE PETITIONER AND HIS COUNSEL AT THE TIME OF SENTENC- ING.

2. WHETHER OR NOT THE PETITIONER IS ENTITLED TO RELIEF REGARDING THE INADEQUACY OF HIS PLEA BARGAIN DUE TO THE NEWLY DISCOVERED EVIDENCE SURROUNDING HIS HISTORY OF PHYSICAL AND MENTAL IMPAIR- MENTS UNKNOWN TO HIM OR THE STATE AT THE TIME OF SENTENCING.

1. PETITION FOR WRIT OF HABEAS CORPUS

3. WHETHER OR NOT THE PETITIONER IS ENTITLED TO HAVE ALL SENTENCES ORDERED TO RUN "CONCURRENT" SINCE NO MENTION OF "CONCURRENT" OR "CONSECUTIVE" SENTENCES WERE EVEN MENTIONED IN HIS PLEA AGREE-MENT OFFER.

4. WHETHER OR NOT THE PETITIONER IS ENTITLED TO HAVE HIS "NO PAROLE" STIPULATION REMOVED AFTER 34 YEARS OF INCARCERATION SINCE THE MONTANA SUPREME COURT JUST RECENTLY REMANDED HIS CASE BACK TO THE DISTRICT COURT AND ORDERED THE COURT TO REMOVE THE 100 YEAR CONSECUTIVE SENTENCE FOR PFO (PERSISTENT FELONY OFFENDER).

## STATEMENT OF CASE

Petitioner was charged by information on May 6, 1982, for the following charges:

Count I: Robbery, a violation of Section §45-5-401(1)(b), MCA,1981.

Count II: Aggravated Kidnapping, a violation of Section §45-5-303 (1)(a), MCA, 1981.

Count III: Sexual Intercourse Without Consent, a violation of Section §45-5-503(1), MCA, 1981.

Count IV: Attempted Deliberate Homicide, a violation of Section §45-4-103(1)(a), MCA, 1981.

Count V: Theft, a violation of Section §45-6-301(1)(a), MCA,1981.

## STATEMENT OF FACTS

On June 21, 1982, the Petitioner was sentenced to the following

2. PETITION FOR WRIT OF HABEAS CORPUS

years for the charges mentioned supra in the Information:

Count I: Robbery, forty (40) years, Montana State Prison

Count II: Aggravated Kidnapping, One Hundred (100) years, Montana State Prison

Count III: Sexual Intercourse Without Consent, forty (40) years, Montana State Prison.

Count IV: Attempted Deliberate Homicide, One Hundred (100) years, Montana State Prison.

Count V: Theft, Ten (10) years, Montana State Prison.

All sentences were Ordered to run "consecutively". Finally, the Petitioner was sentenced to an additional One Hundred (100) years as a "Persistent Felony Offender" to run "consecutive" to the five consecutive sentences supra.

The Petitioner filed a Writ Of Habeas Corpus in the Montana Supreme Court challenging the legality of his One Hundred (100) Year sentence designation as a "Persistent Felony Offender". The Montana Supreme Court granted Petitioner's Writ Of Habeas Corpus in part and Ordered the Second Judicial District Court to enter an Amended Judgement , striking the portion of the sentence that imposes upon the Petitioner a Persistent Felony Offender status and an associated prison sentence "for an additional term of One-Hundred (100) years". See Exhibit "A" attached hereto. This Order was ordered on September 6, 2016.

On September 27, 2016, the Second Judicial District Court Ordered the Amended Judgement. See Exhibit "B" attached hereto.

The Court also stipulated in Petitioner's original Sentencing

3. PETITION FOR WRIT OF HABEAS CORPUS

1    and Judgement Order that the Petitioner be designated a "dangerous

2    offender" contrary to Petitioner's original Plea Agreement which

3    will be reflected infra.

4       In addition<sup>ll</sup> the Sentencing Court also stipulated the Peti-

5    tioner be ineligible for parole. See Exhibit "C" attached hereto.

6    Every aspect of the Petitioner's Sentencing & Judgement Order are

7    contrary to Petitioner's Plea Agreement. These issues will also

8    be addressed in the Argument of this Petition infra. See Exhibit

9    "D" attached hereto.

10

11                        ARGUMENT

12       Petitioner presents a prima facie case in the Petition For

13    Writ Of Habeas Corpus containing prima facie evidence good and

14    sufficient on its face.

15       Such evidence as, in the judgement of the law, is sufficient

16    to establish a given fact, or the group or chain of facts con-

17    stituting the Petitioner's claim or defense, and which if not,

18    rebutted or contradicted, will remain sufficient.

19       Such evidence is sufficient to sustain a judgement in favor

20    of the issue which i<sup>ll</sup> supports. Once a trier of fact is faced

21    with conflicting evidence, i<sup>ll</sup> must weigh the prima facie evidence

22    with all the other probative evidence that was presented.

23       In the instant case, the Petitioner suffered from mental and

24    physical impairments unknown to him until recently which will

25    4. PETITION FOR WRIT OF HABEAS CORPUS

be supported with Exhibits herein infra.

Evidence of mental disease or defect or developmental dis-
ability is admissable to prove state of mind pursuant to §46-14-
102, MCA. If the Petitioner suffered from a mental disease or
developmental disability, then this evidence should be admiss-
able in order to prove that the Petitioner did or did not have
a state of mind that is an element of the offenses he committed.

All of the newly discovered evidence regarding the relevance
of mental disease or defect is in fact "relevant evidence."
Relevancy evidence is evidence having any tendency to make the
existence of any fact that is of consequence to the determina-
tion of the action more probable or less probable than it would
be without the evidence.

All relevant evidence is admissable, except as otherwise pro-
vided by constitution, statute, or other Rules applicable in the
Court's of the State.

Petitioner will be introducing his newly discovered evidence
infra pursuant to M.R.Ev., Rule 1004. The newly discovered evi-
dence regarding the Petitioner's physiacl & mental impairments
are the copies of the original documents by school psychologist's
when he was in public school and by pllofessional psychologist's
and medical consultants of the United States Air Force all of
which were just recently discovered. This evidence is also in
accordance with M.R.Ev., Rule 1005.

5. PETITION FOR WRIT OF HABEAS CORPUS

Had these newly discovered evidence documents been available
at Petitioner's plea bargain phase of his trial, as well as his
sentencing phase, it is clearly evident that there would have
been a completely different outcome, i.e., length of sentences.

Pursuant to §46-114-311, MCA, none of these considerations were
taken into account because this crucial evidence was not avail-
able at the time. The capacity of the Petitioner to appreciate
the criminality of the Petitioner's conduct or to conform the
Petitioner's conduct to the requirements of law was substantially
impaired, §46-18-304, MCA.

Petitioner asserts that this present case with newly discovered
evidence is proper for reopening and addressing the issues pre-
sented in this Writ. Because this newlt discovered evidence was
never available to the Petitioner, some of which was actually
hidden from him until the United State Air Force medical consult-
ants discovered negligence and/or malice regarding physical and
mental impaiements, this should entitle the Petitioner to a re-
opening of his case under newly discovered evidence provision of
Rule 60(b), M.R.Civ.P. See Nicholson v. Cannonḷ 207 M 476, 674
P.2d 506, 41 St. Rep. (1984).

The Ninth Circuit has recognized that a learning disability
can constitute a disability under the ADA's definition. Other
Court's, in conducting individualized inquiries, have assesed
the degree to which a mental impairment someones ability to learn
8. PETITION FOR WRIT OF HABEAS CORPUS

or work.

it is clearly evident that the Petitioner suffered from major mental impairments during his time in school as a child and teen-ager. Had the Petitioner been aware of these psychological tests there is the very good possibility that he could and would have conveyed this information to his defense counsel so that his coun-sel could have motioned the Court for the appropriate psycholog-ical examinations which is his constitutional right. See Exhibit "E" attached hereto.

Petitioner was totally unaware of his mental disabilities until he attempted and acquired his application for his military record regarding an unrelated matter surrounding the status of his military service through the VA (Veterans Administration.) See Exhibit "F" attached hereto. Specifically, page 2, ¶2, and page 3, ¶3.

According to the Federal Regulations promulgated under the ADA indicate that mental impairments include "any mental or psycholog-ical disorder such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities."

The Ninth Circuit has recognized that a learning disability can constitute a disability under the ADA's definition. See Zukle v. Regents of Univ. of California, 166 F.3d 1041, 1046 (9 Cir 1999). See Exhibit "G" attached hereto.
Also, the 2008 EEOC regulations similarly defined "physical or mental impairments" as: Any mental or psychological disorder, such as disabilities. 29 C.F.R. §1630.2(h) (2008).Again, See Exhibit "G".

3. PETITION FOR WRIT OF HABEAS CORPUS

Evidence is material only if it is offered to prove or dis-
prove an element of a legally cognizable claim, offense, or de-
fense that has been raised in the parties pleadings. The Peti-
tioner has in fact raised a cognizable claim regarding the newly
discovered evidence surrounding his mental disabilities and any
reasonable capabilities of deciding what "is" and "is not" the
right decision in making an intellegent and competent decision
during his plea negotiations.

M.R.Evi., Rule 401(a) provides that evidence is relevant if
"it has any tendency to make a fact more or less probable than
it would be without the evidence."

Under Rule 401, the evidence need not be sufficient to be ad-
missable; it need only have some tendency, however slight, to
support the party's claim with respect to that element.

If a party opposes the admission of an item of conditionally
relevant evidence that has been admitted subject to subsequent
proof of the conditions of fallt, it is the responsibility of
that party to move to strike the evidenc eif the proponent of
the evidence fails to introduce the promised evidence.

As with relevance generally, the fact that an inference is
weak in that the evidence can be interpreted in multiple ways!!
some consistent with the evidentiary hypothesis of the proponent
of the evidence and others inconsistent with the hypothesis,
bears only of the weight to be given to the evidence and does

8. PETITION FOR WRIT OF HABEAS CORPUS

not bear on its relevance. See <u>United States v. Carmonal</u> 873 F.2d
569, 572, (2d Cir. 1989.)

In stark contrast to Rule 404's general declaration that evi-
dence of a person's character is not admissible to prove action
in conformity therewith, Rule 406 states that evidence of an in-
dividual's "habit" or an organization's routine practice is potent-
ially admissible to prove action in conformity therewith (subject,
of course, like virtually all other evidence, to exclusion under
Rule 403.)

petitioner in this current case had no previous "trait or habit"
regarding any kind of sexual assault or otherwise. In fact, due to
Petitioner's most recent discovery of his psychological and mental
disorders unknown to him at the time of his crime and plea bargain
discussions under newly discovered evidence reflected in <u>Exhibit's</u>
<u>"E", "F", and "G"</u>, Petitioner obviously had no known previous traits
or unusual habits regarding any type of sexual assault behavior.

Circumstances surrounding his crimes and the lack of appropriate
procedures by his counsel (as well as the State), i.e., psycholo-
gical evaluations, investigation into Petitioner's previous mental
disibilities, will be discussed infra.

ISSUE TWO: <u>WHETHER OR NOT THE PETITIONER IS ENTITLED TO
RELIEF REGARDING THE INADEQUACY OF HIS PLEA BARGAIN DUE TO
THE NEWLY DISCOVERED EVIDENCE SURROUNDING HIS HISTORY OF
PHYSICAL AND MENTAL IMPAIRMENTS UNKNOWN TO HIM OR THE STATE
AT THE TIME OF SENTENCING</u>

9. PETION FOR WRIT OF HABEAS CORPUS

For a variety of reasons, mostly expediency, most criminal cases are resolved by the plea bargaining mechanisms under which the defendant pleads guilty to one or more charges in exchange for some concession from the prosecution.

A plea bargain is a process of give and take; if the defendant is free to accept or reject the plea bargaining agreement without fear "of punishment or retaliation," the plea is voluntary.

A plea of guilty is a grave and soleman act to be accepted only with care and discernment and has long been recognized as so.

Central to the plea and foundation for entering judgement against the defendant is the defendant's admission in open court that he comitted the acts charged in the indictment, hence the minimum requirement that his plea be the voluntary expression of his own choice.

The plea is more than an admission of past conduct; it is the defendant's consent that judgement of conviction may be entered as in this case, without a trial. a waiver of his right to trial, before a jury or a judge.

Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient "awareness" of the relevant circumstances and likely consequences. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, L.Ed. 25 747 (1970)

The Petitioner specifically expressed to his counsel prior to any plea agreement process that he did in fact have mental impair-

10. PETITION FOR WRIT OF HABEAS CORPUS

ment issues starting with special education problems in school as a young person. Petitioner did not realize the severity of the possibility  of more or "unknown" mental impairments and defects until recently under newly discovered evidence reflected in Exhibits "E", "F", and "G", attached hereto.

Petitioner's counsel was negligent in his duties by failing to appropriately investigate and motion the Court for appropriate psychological evaluations. By doing so, the counsel for the Petitioner would have at the very least been exposed to the actual school psychological reports reflected in Exhibit "E".

Obviously, Petitioners counsel had no way of knowing about the Petitioners psychological reports in Petitioners application for his military record in Exhibit "F". However, it does not take away from the fact that there is revealing newly discovered evidence that more than likely had a significant impact on the decision making by the Petitioner during the initial plea bargaining process.

Counsel's failure to pursue the possibility of establishing the Petitioner's mental impairment and/or defect constituted ineffective assistance. See Evans v. Lewis, 855 F2d 631, 636-39 (9th Cir. 1988.)

In Petitioner's Acknowledge Of waiver Of Rights By Plea Of Guilty, Petitioner agreed to lesser charges than what he was actually sentenced to. See Exhibit "C"  ttached hereto.

11. PETITION FOR WRIT OF HABEAS CORPUS

Clearly, on page 1, ¶2, Petitioner acknowledges that he will be charged with "Kidnapping" instead of "Aggravated Kidnapping" and, "Sexual Assault" instead of "Sexual Intercourse Without Consent."

Petitioner was in fact deceived by the State in these agreed upon plea negoitations. By definition alone, this was a breach of contract by the State and the County Attorney.

The determination of whether or not an agreement has been breached is governed by the law of contracts, with some exceptions. Due process requires that any ambiguity be construed against the government and in accordance with the defendant's reasonable understanding of the agreement.

A defendant who alleges that the government breached a plea agreement may be entitled to an evidentiary hearing or, at the Court's discrestion, discovery or expansion of the record. See Blackledge v. Allison, 431 US 63, 76, 80-82 (1977.)

By the actions of the State in their "breach of the contract" surrounding the plea bargaining process, the exhibited nothing less than "vindictive prosecution." The Due Process Clause prohibits a prosecutor from using criminal charges vindictively in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights. The Supreme Court has held that due process is offended by the possibility that "increased punishment" poses a "realistic likelihood of vindictiveness."

12. PETITION FOR WRIT OF HABEAS CORPUS

On March 8, 2012, the United States Supreme Court set new standards for criminal plea bargains which should apply to the Petitioner in this case "retroactively" due to the newly discovered evidence mentioned supra.

Under these new standards, plea negotiations between criminals and prosecutors will now come under constitutional scrutiny because a devided Supreme Court ruled that convictions can be overturned if defense lawyers don't adequately assist clients in deciding whether to accept such offers.

The Court went on to say that the Court now elevates plea bargaining from a necessary evil to a constitutional entitlement. The right to counsel is the right to effective assistance of counsel.

The Supreme Court now holds that, as a general rule, defense counsel has the duty to communicate fromal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. When the defense counsel allowes the offer to expire and/or alter without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires.

In the instant case, the Petitioner agreed only to the charges reflected in Exhibit "C". The State deceived the Petitioner by not adhering to its original plea agreement and subsequently did in fact "enhance" Petitioner's plea agreement by and through vindictive prosecution and breach of contract.

13. PETITION FOR WRIT OF HABEAS CORPUS

If the State denies a defendant the right to his agreed upon plea agreement, then it is clearly evident that prejudice can be shown. In this case, the State denied the Petitioner his constitutional right tp an agreed upon plea bargain.

The illegal actions of the State denying the Petitioner his constitutional right to a plea bargain that is reflected in <u>Exhibit "C"</u>, is not giving the Petitioner/Defendant the benefit of agreed upon favorable deal, was in fact a deliberate deception by the State to secure an unlawful advantage.

Petitioner's original plea negotiations regarding §46-12-204(2) and (3), MCA, (Plea Alternatives), reflects that the plea is voluntary and not the result of force or threats or promises apart from the plea agreement.

Since the recent discovery of Petitioner's newly discovered evidence regarding his previous mental impairments and/or defects, the Court, prosecutor, as well as the Petitioner's counsel at that time, no one is actually capable of determining whether or not the Petitioner made a knowledgeable and voluntary plea during his plea negotiations since no investigation, psychological or otherwise, was ever conducted let alone motioned for by Petitioner's counsel.

§46-12-210, MCA, (Advice to defendant), reflects that the defendant shall be determined by the Court whether or not he understands the nature of the charge for which the plea was offered.

All the Petitioner understood was that he was pleading guilty

**14.** PETITION FOR WRIT OF HABEAS CORPUS

to the charges (on the advice of his counsel) reflected in Exhibit "C" which was suppose to include two (2) lesser included charges. i.e., Sexual Intercourse Without Consent reduced to Sexual Assault and, Aggravated Kidnapping reduced to Kidnapping which never even happened because the State deceived the Petitioner and "did not" reduce those two (2) charges as indicated in Exhibit "C".

The words of a statute are what the legislature has enacted as law, and all that it has the power to enact. Unenacted intentions or wishes cannot be given effect as law.

It is a rule of statutory construction that, if reasonably practicable, words used in one place in a statute with a plain meaning are given the same meaning when found in other parts of the same statute to the end that there may be a harmonious and consistent body of law.

When the State failed to abide by their offer of Sexual Assault and Kidnapping as indicated in Petitioner's plea agreement of Exhibit "C", they violated the statutory intent of §46-12-211(1)(b), MCA, thereby denying the Petitioner his Due Process Clause of the United States Constitution as well as the Montana Constitution. It is paramount that Court give such construction to a statute as will preserve constitutional rights of parties.

Under Montana Law, if interpretation of statute can be accomplished from plain meaning of words used, the Court may not apply other means of interpretation.

15. PETITION FOR WRIT OF HABEAS CORPUS

When a lawyer advises his client to plea bargain to an offense which the attorney has not investigated (as in Petitioner's case), such conduct is always unreasonable. Petitioner's counsel failed in his duties to investigate anything whaysoever. See <u>Woodard v. Collins</u>, 898 F.2d 1027, 1029 (5th Cir. 1990).

A Court cannot accept a guilty plea from an individual that is mentally incompetent; failure to investigate competency is prejudicial if there is a reasonable probability that the defendant was incompetent to plead guilty. See <u>Bouchillon v. Collins</u>, 907 F.2d 589, 592 (5th Cir. 1990).

In <u>Evans v. Lewis,</u> 855 F.2d 631, 636-39 (9th Cir. 1988). The Court stated that counsel's failure to pursue the possibility of establishing the defendant's mental instability constituted ineffective assistance.

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. The prosecutor not only punished the Petitioner but, deceived him as well when he did not adhere to the original plea agreement. Specifically, the two(2) lesser included charges (Sexual Assault & Kidnapping.)

Where it is clear that the government violated the terms of a plea agreement, the defendant is typically given the option of withdrawing his guilty plea or demanding a specific performance. see <u>U.S. v. Goings,</u> 200 F3d 539 (8th Cir. 2000)

16. PETITION FOR WRIT OF HABEAS CORPUS

Even the Attorney General stated in his Response To Petitioner's Writ Of Habeas corpus in the Montana Supreme Court that the Petitioner "was not" competent to enter his pleas as a result of his mental deficencies and did not request to withdraw his guilty pleas.

Petitioner did not request to withdraw his guilty pleas because he still suffers from the same mental deficiencies he has had his entire life without eben knowing or being aware of these deficiencies until recently as indicated in the attached Exhibits. See Exhibit "H" attached hereto.

In addition, in the Order from the Montana Supreme Court dated August 17, 2004, the Court stated that the Petitioner could have brought up the plea agreement regarding the two (2) lesser included charges of Sexual Assault & Kidnapping on appeal. Again, Petitioner did not receive effective assistance from his counsel regarding any kind of appellate issues. See Exhibit "I" attached hereto.

### ISSUE THREE:

WHETHER OR NOT THE PETITIONER IS ENTITLED TO HAVE ALL SENTENCES ORDERED TO RUN "CONCURRENT" SINCE NO MENTION OF "CONCURRENT" OR "CONSECUTIVE" SENTENCES WERE EVER EVEN MENTIONED IN HIS PLEA AGREE-MENT OFFER.

If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction

17. PETITION FOR WRIT OF HABEAS CORPUS

on more serious charges or the imposition of a more severe sentence.

This is exactly what happened to the Petitioner in his plea bargaining process by and through his counsel and the State prosecutor. As Exhibit "C" clearly reflects, the Petitioner agreed to plead guilty to "Kidnapping" instead of "Aggravated Kidnapping" and "Sexual Assault" instead of "Sexual Intercourse Without Consent."

Instead, Petitioner's counsel and the State prosecutor completely disregarded Petitioner's aggred upon plea bargain and deceived the Petitioner by moving forward with the original charges in the indictment. Exhibit "D" (Petitioner's Judgement And Order Of Committment) clearly reflects what the Petitioner was subsequently sentenced to as well as the charges he was sentenced to "contrary" to Petitioner's agreed upon plea agreement.

In Strickland v. Washington, a two (2) part test of effective assistance of defense counsel held (1) reasonably effective assistance and (2) reasonable probability of a different result with effective assistance would have occured. Had Petitioner's counsel been effective during plea negotiations, he would have intervened and demanded that the State prosecutor adhere to the original plea bargain and let the Court decide whether or not to accept the plea offer by the State.

A defendant's Sixth Amendment right to counsel includes the

18. PETITION FOR WRIT OF HABEAS CORPUS

right to be represented by an attorney with undivided loyalty.
See Lockhart v. Terhune, 250 F.3d 1223 ((th Cir. 2001)

In addition, there was no mention made whatsoever in Petitioner's plea bargain regarding whether or not all of the sentences would run concurrent or consecutive.

## ISSUE FOUR:

WHETHER OR NOT PETITIONER IS ENTITLED TO HAVE HIS "NO PAROLE" STIPULATION REMOVED AFTER 34 YEARS OF INCARCERATION SINCE THE MON-TANA SUPREME COURT JUST RECENTLY REMANDED HIS CASE BACK TO THE DISTRICT COURT TO REMOVE THE 100 YEAR CONSECUTIVE SENTENCE FOR PFO.

Petitioner asserts that he is entitled to the Court's consideration in having his "No Parole" stipulation removed since there was never an indication and/or mention whether or not the Petitioner's sentences were to run "concurrent" or "consecutive." The Petitioner is now a 63 year old male with physical and mental impairments who has already served almost 35 years in the Montana State Prison. His request for relief and/or alternatives will be mentioned infra in his Conclusion.

## CONSLUSION

Pursuant to all of the evidence presented supra in Petitioner's Writ Of Habeas Corpus, including the admission of the Attorney General's response in Petitioner's Writ Of Habeas Corpus in the Montana Supreme Court, i.e., his admission stating that the Peti-

**19.** PETITION FOR WRIT OF HABEAS CORPUS

titioner "was not competent to enter his guilty plea as a result of his mental deficiencies," Petitioner seeks the relief and/or "alternatives" to any relief this Court deems appropriate mentioned infra:

1. To have this case remanded back to the District Court to have all sentences "Ordered" to run current since no mention of "con-current" or "consecutive" were ever mentioned in the plea agree-ment. Petitioner is willing to agree that he will in fact "dis-charge all sentences if Ordered to run concurrent which is app-roximately another 11 -12 years.

2. To have the "No Parole" stipulation removed since this too was never mentioned in Petitioner's plea agreement. If removed,the Petitioner will have served about 45 years in prison upon his discharge date.

3. In the final alternative, remand back to allow the Petitioner to withdraw his guilty plea and plead guilty to the agreed upon charges in his plea agreement which he was deprived of. SeeExhibit "C" regarding the above-mentioned relief requested.

Dated this 5th day of January, 2017. _Freeman William Stanton_

Freeman William Stanton
Petitioner Pro Se

**20.** PETITION FOR WRIT OF HABEAS CORPUS

## PRAYER FOR RELIEF

WHEREFORE, Petitioner plays that this Court will grant relief to which he is entitled to by whatever means this Court deems appropriate.

Dated this 5th day of January, 2017.      *Freeman William Stanton*

Freeman William Stanton
Petitioner Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the person(s) named below by forwarding them a true and correct copy, postage prepaid, of said document:

Tim Fox
Attorney General's Office
215 N. Sanders
P.O. Box 201401
Helena, MT 59620-1401

Diana Koch/Chief Counsel
Department Of Corrections
1539 11th Avenue
P.O. Box 201301
Helena, MT 59620-1301

Montana Supreme Court
Clerk of the Court
215 N. Sanders, 3rd Floor
P.O. Box 203003
Helena, MT 59620-3003

Dated this 5th day of January, 2017.      *Freeman William Stanton*

Freeman William Stanton
Petitioner Pro Se

21. PETITION FOR WRIT OF HABEAS CORPUS