IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

**FILED**

FEB 15 2016

Clerk, U.S. District Court
District of Montana
Missoula

FREEMAN WILLIAM STANTON,

Petitioner,

vs.

LEROY KIRKEGARD, TIM FOX, MONTANA SUPREME COURT, DIANA KOCH,

Respondents.

Cause No. CV 17-01-BU-DLC-JCL

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Petitioner Freeman William Stanton's application for writ of habeas corpus under 28 U.S.C. § 2254. Stanton is a state prisoner proceeding pro se.

On April 19, 1982, Stanton robbed a convenience store in Butte, Montana at gunpoint. He abducted the clerk in a stolen car, raped her, and shot her once in the chest. Following a mental health examination, wherein Stanton was deemed fit to proceed, and without the benefit of a plea agreement, Stanton pled guilty to robbery, aggravated kidnapping, sexual intercourse without consent, attempted deliberate homicide, and theft. Judgment was entered in Montana's Second Judicial District Court, Butte-Silverbow County, on June 18, 1982. Stanton was ordered to serve consecutive 100-year sentences on the aggravated kidnapping and

1

attempted homicide conviction; 40-year sentences on the robbery and rape convictions, and a 10-year sentence on the theft conviction. The court imposed an additional 100-year prison sentence for Stanton's designation as a persistent felony offender. Thus, Stanton's total sentence was 390 years. Stanton was also ordered ineligible for parole. See generally, *Stanton v. Kirkegard*, OP 16-0318, State's Resp. to Writ., at 1-3 (filed Aug. 22, 2016).[1]

## I. Prior Federal Habeas Petitions

Stanton has filed four prior federal habeas petitions attacking the 1982 judgment. Stanton filed his first federal habeas petition on April 3, 1983. It was dismissed summarily on April 27, 1983. See, *Stanton v. Risley*, No. CV 83-44-BU-WDM-JDS (D. Mont. filed April 3, 1983).

Stanton's second petition was filed on August 18, 1983. The petition was dismissed without prejudice based on Stanton's failure to exhaust his state remedies. *Stanton v. Risley*, No. CV 84-92-BU-WDM-JDS (D. Mont. Aug. 19, 1983).

Stanton filed his third habeas petition on November 16, 1998. See, *Stanton v. Mahoney*, No. CV 99-2-BU-DWM-RWA (D. Mont. forma pauperis granted and pet. filed Jan. 13, 1999). The Ninth Circuit Court of Appeals subsequently denied Stanton's application for leave to file a successive petition. *Stanton v. Hahoney*

---

[1] All of the state court briefing and opinions referenced herein are available at the Montana Supreme Court's website: https://supremecourtdocket.mt.gov/search (accessed Feb. 10, 2017).

2

(sic), see, (CV 99-2-BU doc. 22). More than three years later, Stanton's request for a certificate of appealablity was denied. See, Order (CV 99-2-BU doc. 24). Stanton did not file an appeal.

Stanton made one final attempt to attack the 1982 judgment. This petition was dismissed for lack of jurisdiction as an unauthorized second or successive petition. See, *Stanton v. Law*, No. CV 08-57-BU-RFC-CSO (D. Mont. Oct. 22, 2008).

Based upon his filing history with this Court, it would seem that Stanton's current petition, seeking yet again to challenge the 1982 judgment, thirty five years after the underlying conviction became final, would be successive in nature and, thus barred by 28 U.S.C. § 2244(b) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). A recent intervening proceeding in the Montana Supreme Court and subsequent amended judgment entered in Stanton's 1982 case, however, make it not so. See, *Wentzell v. Neven*, 674 F. 3d 1124, 1126-1127 (9th Cir. 2012)(subsequent habeas petition not "second or successive" if there is a new judgment intervening between the two habeas petitions, even if subsequent petition challenges unamended portions of the new judgment).

**II. 2016 State Court Proceedings**

In May of 2016, Stanton filed a petition for a writ of habeas corpus in the Montana Supreme Court advancing several grounds for relief. See, *Stanton v.*

*Kirkegard*, OP 16-0318, Pet. (filed May 25, 2016). Stanton first argued that the additional 100-year sentence he received for his designation as a persistent felony offender was illegal based upon *State v. Gunderson*, 2010 MT, 357 Mont. 142, 237 P. 3d 74 (*Gunderson II*), and should have instead replaced the underlying felony sentence rather than being imposed as a separate sentence. *Id.* at 4-6.

Stanton next argued that he had "newly discovered" evidence establishing the existence of physical and mental impairments at the time he committed the underlying offenses. *Id.* at 7-8. This evidence consisted of a public school report and a medical report from Stanton's time in the United States Air Force which he contends were "just recently discovered." *Id.* at 8.[2] Stanton argued that this "evidence" would have changed the posture and eventual outcome of his case had it been known at the time of "plea-bargaining" or sentencing. *Id.* at 9.

Stanton then went on to argue that his plea agreement was inadequate based upon these unknown mental and physical impairments and that due to these same impairments, he was unable to meaningfully engage in the plea bargaining process. *Id.* at 11-16. Stanton reasons either his pleas were involuntary, or that a breach of the purported agreement necessarily occurred. *Id.* at 14-16.

Finally, Stanton argued that because he had served thirty-five years of his sentence, his designation of parole ineligibility ought to be reconsidered. *Id.* at 17.

---

[2] These documents have also been lodged with this Court. See, (Docs. 1-5 and 1-6).

4

Stanton reasoned that this designation was never addressed or agreed to during his plea negotiations. *Id.*

Relative to Stanton's mental state claims, the state countered that the claims were time barred and that no statutory exception existed that would excuse Stanton's untimely filing. *Stanton v. Kirkegard*, OP 16-0318, State's Resp. to Writ., at 6 (filed Aug. 22, 2016). The state further argued Stanton could not establish that he was actually innocent of his crimes of conviction and that the "newly discovered evidence" Stanton presented was neither new nor material. *Id.* at 7. Stanton acknowledged that he discussed his mental status and issues with his attorney and underwent a fitness evaluation immediately after his arrest. *Id.* Also, the state observed the school records Stanton presented revealed that Stanton did not do well in school and had an IQ of 77 at age 15, and like many high school boys, Stanton "unintentionally present[ed] a behavior problem in the school, having a pre-occupation for his personal appearance and girls." *Id.* at 7-8. In the state's view, this information was immaterial to an offense that occurred when Stanton was 29 years old. Additionally, Stanton pled guilty and acknowledged his guilt at his change of plea hearing and sentencing. Moreover, the victim testified in great detail about the incident. *Id.* at 8. The state asserted Stanton received a facially valid sentence and that the trial court had discretion to run Stanton's sentences consecutively, to designate him a dangerous offender for purposes of

parole eligibility, and to deem him ineligible for parole altogether. *Id.* And according to the state, the Court provided ample reasoning for imposing its sentence. *Id.*; see also (Doc. 1-4) (June 21, 1982, Judgment and Order of Commitment). In short, the state argued Stanton's mental state claims were both time barred and lacking in merit. *Id.* at 10.

In response to Stanton's claim the plea agreement was breached by imposition of the no parole restriction, the state argued claim preclusion applied because Stanton had previously challenged the terms of the "so called" plea agreement in a motion to withdraw his guilty pleas in 1996. The motion was denied by the trial court and the Montana Supreme Court affirmed finding, "Stanton did not enter into a plea bargain with the State," and "[h]e cannot argue that the State failed to comply with the terms of a nonexistent plea agreement." *Id.* at 11, citing *State v. Stanton*, No. 97-355, Or. (Mont. Nov. 25, 1997). Because Stanton was afforded a full and fair opportunity to litigate the issues of whether or not a plea agreement existed and what the terms of the agreement were and whether or not the state breached the terms, he should not be allowed to relitigate the issue. The state reiterated the Court's prior finding that there was no plea agreement in place and contended Stanton's claim was meritless. *Id.* at 12.

Finally, the state conceded that the imposition of a separate sentence for Stanton's designation as a persistent felony offender was illegal. *Id.* at 13. The

state requested the Court to order the trial court to strike the 100-year PFO sentence in Stanton's case and issue an amended judgment without ordering a new sentencing hearing. *Id.* at 13-14.

The Montana Supreme Court ordered Stanton's case be remanded, not for resentencing, but for the district court to simply strike the 100-year persistent felony offender designation. *Stanton v. Kirkegard*, OP 16-0318, Order at 2 (Mont. Sep. 6, 2016). The Court noted that doing so would not affect the integrity of Stanton's sentence and that the unique circumstances, including the fact that the sentence was 34-years old and marshalling evidence would have been difficult, warranted such an outcome. *Id.* The Court further noted that "Stanton would still be serving a 290-year sentence with no possibility of parole after his PFO sentence is struck," thus, there was no need to engage in a full resentencing. *Id.* The Court found the state's additional arguments persuasive and that Stanton's remaining claims were barred from any habeas corpus relief. The claims were denied and dismissed. *Id.* 2-3.

On September 27, 2016, the Second Judicial District Court, entered an Order Amending the Judgment. (Doc. 1-2). The Amended Judgment struck the persistent felony offender designation and accompanying 100-year sentence from the June 21, 1982, Judgment and Order of Commitment, but left all other provisions, terms, and conditions of the original 1982 judgment in place. *Id.* at 2.

### III. Stanton's Claims

In the present petition, Stanton advances four claims: 1) he is entitled to relief based upon the "newly discovered evidence" of his physical and mental impairments unknown at the time of sentencing; 2) he is entitled to relief based upon the inadequacy of the plea bargain due to the newly discovered evidence of his physical and mental impairments unknown at the time of sentencing; 3) he is entitled to have all sentences ordered to run "concurrent" since no mention of "concurrent" or "consecutive" sentences was made in his purported plea agreement; and, 4) he is entitled to have his "no parole" stipulation removed after 34 years of incarceration, since the Montana Supreme Court remanded his case to the district court and ordered the 100 year Persistent Felony Offender sentence removed.

### IV. Analysis

As a preliminary matter, this Court deems it necessary to clarify what has already been stated by the Montana Supreme Court, but which Stanton refuses to acknowledge: there was no plea agreement in his case. The document which Stanton refers to as his "plea agreement" is not an agreement, but rather an Acknowledgment and Waiver of Rights form which Stanton signed prior to the entry of his guilty pleas. (Doc. 1-3). This agreement bound the state to nothing except that it agreed not seek the death penalty for Stanton. *Id.* at 2. It also

8

appears that the state may have intended to recommend that Stanton not be deemed a dangerous offender, but even if that was the state's intent, the same agreement also indicated that such a recommendation would not be binding upon the sentencing court. *Id.* To the extent that Stanton attempts to advance arguments before this Court relative to the existence of a plea agreement or breach thereof, those arguments are without substantive merit.

As set forth above, iterations of the claims Stanton advances before this Court were raised before the Montana Supreme Court. Although the Montana Supreme Court did not provide its reasoning for denying the claims, this does not relieve Stanton of his burden in these proceedings. When a state court decision lacks explanation, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Further, under *Johnson v. Williams*, __ U.S. __, 133 S. Ct. 1088(2013), this Court must presume that the Montana Supreme Court adjudicated Stanton's constitutional claims on the merits. "When a state court rejects a federal claim without expressly addressing the claim, a federal habeas court must presume the federal claim was adjudicated on the merits- but that presumption can in some limited circumstances be rebutted." *Williams*, 133 S. Ct. at 1098-99. Stanton has not rebutted this presumption. Accordingly, review of Stanton's claims is confined to the highly deferential standards set out in 28 U.S.C.

§ 2254(d); see also *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Federal habeas relief is not available to Stanton, then, unless he can show the Montana Supreme Court's adjudication of his claims was "contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Stanton advances no such argument, thus, his claims fail.

In relation to his first claim regarding "newly discovered" evidence, Stanton is not asserting that he is actually innocent. Rather, he simply argues that he should be able to present information from his academic school years of 1966 through 1968 and information pertaining to his military service from July 6, 1971 to December 2, 1971, to somehow mitigate the sentence he received in 1982, more than a decade later. The claim does not rise to the level of a federal constitutional violation.

Moreover, the record belies Stanton's claim that this knowledge of his prior mental difficulties was, in fact, newly discovered. In his petition, Stanton states, "The Petitioner specifically expressed to his counsel prior to any plea agreement process that he did in fact have mental impairment issues starting with special education problems in school as a young person. Petitioner did not realize the

10

severity of the possibility of more or 'unknown' mental impairments and defects until recently under newly discovered evidence reflected in Exhibits E, F, and G, attached hereto." (Doc. 1 at 11-12). Apparently, at his arraignment, Stanton's attorney requested a mental health evaluation wherein it was determined Stanton was fit to proceed.[3] Thus, the Court does not discern any material value of this "newly discovered" evidence proffered by Stanton. Finally, the claim asserted is clearly time barred under 28 U.S.C. § 2244(d)(1)(D) (a 1-year limitation period runs from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence). In short, the Montana Supreme Court reasonably denied this claim.

Given the untimeliness and the limited evidentiary value of the "newly discovered" evidence, coupled with the fact that there was no plea agreement in Stanton's case, this Court fails to see how the Montana Supreme Court's denial of Stanton's second claim can be deemed unreasonable. Thus, this Court must afford the Montana Supreme Court's denial deference under 28 U.S.C. § 2254(d).

In relation to Stanton's third claim, again, there was no plea agreement, let alone one that made reference to "consecutive" or "concurrent" sentences as argued by Stanton. The Acknowledgment and Waiver of Rights form contains no mention of the nature of the sentences because apparently the state made to

---

[3] Apparently, it was also revealed that Stanton was a malingerer who attempted to manipulate examiners to declare him incompetent. *Stanton v. Kirkegard*, OP 16-0318, State's Resp. to Writ., at 7 (filed Aug. 22, 2016).

11

agreement as to what it would recommend. Moreover, the trial court had the discretion to run Stanton's sentences consecutively. See, Mont. Code Ann. § 46-18-401(4)(1981). The trial court made a specific finding that the sentences would run consecutively to one another, properly exercising its discretion. (Doc. 1-4 at 4). Stanton has not shown that the denial of this claim was contrary to, or an unreasonable application of Federal law or was based on an unreasonable determination of the facts. This claim, too, must fail.

In his final claim, Stanton asks this Court essentially sit in appellate review and modify the parole restriction imposed and affirmed by the state courts of Montana. Stanton does not assert a federal basis for relief. A claim involving the application or interpretation of state law is not cognizable on federal habeas review. 28 U.S.C. § 2254(a). Even assuming there was an error in the application of a parole restriction to Stanton, this does not state a claim for federal relief. See, *Lewis v. Jeffers*, 497 U.S. 764, 7800 (1990). A federal habeas court is bound by the state court's determination of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state court determinations of state-law questions."). This claim is not cognizable and the Montana courts should be afforded deference.

### V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Stanton has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. Stanton's claims do not survive deferential review under the AEDPA. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Stanton's petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stanton may object to this Findings and Recommendation within 14

days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Stanton must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 15th day of February, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.