IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FREEMAN WILLIAM STANTON, | CV 17-01-BU-DLC-JCL |
| Petitioner, | |
| vs. | AMENDED ORDER |
| LEROY KIRKEGARD, TIM FOX, MONTANA SUPREME COURT, DIANA KOCH, | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on February 2, 2017, recommending dismissal of Petitioner Freeman William Stanton's ("Stanton") application for writ of habeas corpus under 28 U.S.C. § 2254. Stanton, appearing pro se, timely filed an objection and is therefore entitled to de novo review of those findings and recommendations to which he specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because

-1-

the parties are familiar with the factual background of this case, it will not be repeated here.

Stanton raises three clearly identifiable objections to the Findings and Recommendations. First, Stanton argues that Judge Lynch erred by finding that, at the time of his guilty plea, he was not mentally deficient and his plea was voluntary. Next, Stanton objects to Judge Lynch's finding that he never entered into a plea agreement with the State. Finally, Stanton argues that Judge Lynch erred by declining to issue a certificate of appealability. The Court will address each of these arguments in turn.

First, as discussed, Stanton argues that he was mentally deficient at the time of his plea and was incapable of making a voluntary plea. In support of this argument, Stanton cites to exhibit "H" (Doc. 1-8), which he contents shows that the State of Montana concedes that he was mentally deficient at the time of his plea. This document is labeled "Page 6 of Attorney General's Response to Petitioner's Writ of Habeas Corpus," and appears to be a page taken from one of Stanton's previous legal proceedings. (*Id.* at 1.) One sentence of this document states: "Although he was not competent to enter his guilty pleas as a result of his mental deficiencies, *see* Pet. at 15-16, he does not request to withdraw his guilty pleas, *see id.* at 16-18." (*Id.* at 2.) This sentence, Stanton argues, shows that he

was incapable of making a voluntary plea. The Court disagrees.

Upon review of the passage cited by Stanton, the Court finds that it is nothing more than the State of Montana's summary of Stanton's argument in his original state petition for habeas relief and is not some kind of acknowledgment by the State that Stanton's plea was involuntary. Stanton takes this sentence out of context. The Court finds Stanton's objection to be without merit and it is overruled.

Next, Stanton claims that, contrary to Judge Lynch's findings, he had a plea agreement and the State breached it. As evidence, Stanton points to exhibit "I" (Doc. 1-9), which appears to be a 2004 order from the Montana Supreme Court. This document twice mentions a "plea agreement" that Stanton had filed. (*Id.* at 1, 2.) Thus, Stanton argues that this 2004 order, combined with the "newly discovered evidence" showing that he was mentally deficient, proves that he was incapable of entering into a plea agreement. As a result, Stanton contends his rights were violated at the time of his guilty plea. Again, the Court disagrees.

Even if the Court were to find that a plea agreement existed between Stanton and the State, which the Court does not, his claim that he was mentally deficient at the time of his guilty plea is undermined by the record before the Court. Primarily, Stanton appears to have undergone a mental health evaluation following his arraignment where it was determined that Stanton was fit to proceed

to trial. (Doc. 5 at 11.) Second, the Court agrees with Judge Lynch that the "newly discovered evidence" put forth by Stanton utterly fails to establish that he was incapable of either entering into a plea agreement or making a voluntary plea. As noted by Judge Lynch, Stanton simply fails to meet his burden of showing that the Montana Supreme Court's adjudication of his claims was "contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Stanton's second objection is overruled.

Lastly, Stanton argues that the Judge Lynch should have recommended a certificate of appealability. Stanton, however, fails to put forth any argument why this recommendation was incorrect, apart from a conclusory statement that he has made a substantial showing of a denial of a constitutional right. Consequently, the Court will overrule this objection because Stanton has failed to allege any support for his argument, other than the objections above which have already been addressed by the Court. Stanton's third objection is overruled.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED

IN FULL; and

(2) The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner; and

(3) A certificate of appealability is DENIED.[1]

Dated this 5th day of May, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court

---

[1] In its Order, dated April 21, 2017, the Court omitted that it was adopting United States Magistrate Judge Jeremiah C. Lynch's recommendation to deny a certificate of appealability. Accordingly, the Court now amends its previous Order to clarify that a certificate of appealability will be denied.